### DETERMINATION AS TO BENEFICIARY.

Court of Appeals for Hamilton County.

CLARA L. JOHNSON v. POLICEMEN'S BENEVOLENT ASSOCIATION.[*]

Decided, August 6, 1913.

*Beneficial Insurance—Brothers of Policeman Designated as His Beneficiaries—Designation Invalidated by His Subsequent Marriage.*

The designation by an unmarried member of a policemen's benefit association incorporated under General. Code, 9427, of his brothers as beneficiaries of a fund payable at his death by said association, is invalidated by his subsequent marriage; and death occurring after such marriage the fund should be paid to his widow.

*Johnson & Levy*, for plaintiff.
*George H. Kattenhorn*, contra.

SWING, J.; O. B. JONES, J., and E. H. JONES, J., concur.

Appeal from common pleas court.

Clara L. Johnson is the widow of Clifford E. Johnson, who was a member of said benevolent association. Said association was incorporated in 1888 under the laws of this state, under old Section 3630, Revised Statutes (General Code, 9427), which is as follows:

---

[*]Reversing *Johnson v. Policemen's Benefit Association*, 13 N.P.(N. S.), 568.

"A company or organization may be organized to transact the business of life or accident, or life and accident insurance on the assessment plan for the purpose of mutual protection and relief of its members, and for the payment of stipulated sums of money to families" or heirs of the deceased members of such company or association.

The constitution of said association provided:

"Article II—Object.   Sec. 1.   The object of this association shall be to provide assistance for the families or legal heirs of a deceased member."

Article IV, Section 2, provided:

"The sum so paid shall be held as a death benefit fund to be paid to the family or whoever the next deceased member may have elected, immediately upon satisfactory evidence of such death having been furnished to the board of trustees."

Under the provisions of the statute and of the constitution of this association there can be no question but that the death benefit provided would be payable to the widow, Clara L. Johnson, the deceased having left no children; but it is claimed that the widow is not entitled to this benefit by reason of the fact that the said Clifford E. Johnson had designated his brothers the beneficiaries of his claim.   Prior to the marriage of Clifford E. and Clara L. Johnson this designation had been made by Clifford E. Johnson, so that the question is, whether or not the widow—notwithstanding the brothers had been designated—is entitled to the claim, or whether by reason of the designation the brothers are entitled to the fund.

If' Clifford E. Johnson had not married Clara L. Johnson there would be no question but that the designation of the brothers would be binding upon the association, and they would be entitled to the benefit because they would come under the provisions of the law and the constitution, but we are of the opinion that the purpose of the law and the purpose of the constitution of this association was primarily to raise a fund for the families of the deceased, and that it was not within the power of said Clifford E. Johnson to designate others than

the members of his family as the beneficiaries of this fund. At the time of his death the family of Clifford E. Johnson consisted of himself and his wife, the brothers at that time were not members of his family within the meaning of the law, and therefore not being members of the family, his designation made at the time when it was proper became inoperative as against the provisions of the law and the provisions of the constitution of the society, and the court hold that the widow alone is entitled to the benefit provided by the association.